

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-92,608-01

**EX PARTE KEVIN MORRIS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 19244A IN THE 2ND DISTRICT COURT
### FROM CHEROKEE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of eleven counts of aggravated sexual assault of a child, ten counts of sexual assault of a child, and thirteen counts of indecency with a child. He was sentenced to life imprisonment on each of the aggravated sexual assault counts, twenty years' imprisonment on the sexual assault counts, twenty years' imprisonment on twelve of the indecency counts, and ten years' on the last indecency count. The Twelfth Court of Appeals affirmed his conviction. *Morris v. State*, No. 12-17-00124-CR (Tex App.—Tyler Dec. 4, 2018)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective by failing to raise a statute of limitations

defense on numerous counts, failing to object to the prosecutor eliciting statements regarding a familial argument, opening the door to harmful testimony, failing to object to the prosecutor's opening statement which mentioned other victims, and failing to object to numerous extraneous offenses. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings stating the birth dates of the complainants in all of the counts for which Applicant challenges the statute of limitations. The trial court shall make findnigs as to whether the statute of limitations had run before the indictment of any of the thirty-four counts of the indictment. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 12, 2021
Do not publish